# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

QUANNAH HARRIS d/b/a LAST
MINUTE CUTS,

    Plaintiff,

v.                                                       No. 2:21-cv-02717-MSN-tmp

MELISSA HUTSON, as investigator for
the Tennessee Department of Commerce
and Insurance, in their individual capacity;
TERRY W. BARNES, investigator for the
Tennessee Department of Commerce and
Insurance, in their individual capacity;
TENNESSEE BOARD OF COSMETOLOGY
AND BARBERING/RONALD R. GILLIHAN, II,
Chairman of the Tennessee Board of Cosmetology
and Barbering, sued in his official capacity for
injunctive relief only; and ROXANNA
GUMUCIO, EXECUTIVE DIRECTOR
for the TN Board of Cosmetology and
Barbering sued in her individual capacity,

    Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER DENYING MOTION FOR INJUNCTIVE HEARING BASED ON THE RECORD; AND ORDER DENYING MOTION FOR TEMPORARY RELIEF

Before the Court are Plaintiff's *pro se* Motions for Temporary Restraining Order, filed November 19, 2021, (ECF No. 8), for Injunctive Hearing to be Based on the Record, filed December 8, 2021, (ECF No. 11), and for Temporary Relief, filed December 20, 2021. (ECF No. 13.) Plaintiff seeks a temporary restraining order or other injunctive relief to enjoin Defendants from (1) revoking her license to operate her sole proprietorship, Last Minute Cuts School of Barbering and Cosmetology, and (2) preventing her students from taking their exams due to the

suspension of her license. (ECF No. 8; *see* ECF No. 1.) Defendants filed their Response on December 20, 2021. (ECF No. 12.)

"The standard for determining whether to grant a temporary restraining order is the same as the standard for determining whether to grant a preliminary injunction." *Provectus Biopharmaceuticals, Inc. v. Dees*, No. 3:16-CV-222, 2016 U.S. Dist. LEXIS 189165, at *3 (E.D. Tenn. 2016). A request for a preliminary injunction is governed by Fed. R. Civ. P. 65. *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 427 (6th Cir. 2014). "Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). When evaluating a motion for preliminary injunction, the Court must balance: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction will serve the public interest." *Bradfield v. Perry*, No. 17-5450, 2017 U.S. App. LEXIS 24358, at *2–3 (6th Cir. 2017).

First, the Court is not satisfied, at this point in the litigation, that Plaintiff has demonstrated a likelihood of success on the merits. A plaintiff generally lacks standing to bring claims on behalf of third parties (e.g., cosmetology students). *See Singleton v. Wuff*, 428 U.S. 106, 113–14 (1976). This general rule governs "unless the party seeking third-party standing can make two additional showings: (1) the plaintiff asserting the right has a 'close' relationship with the third party who possesses the right; and, (2) whether there is a 'hindrance' to the third party's ability to protect his own interests." *Teare v. Independence Local Sch. Dist. Bd. of Educ.*, No. 1:10-cv-01717, 2011 U.S. Dist. LEXIS 113241, *18 (N.D. Ohio 2011) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2004); *see Powers v. Ohio*, 499 U.S. 400, 411 (1991). "Although . . . teachers may be able to meet the first prong of the test for third-party standing, they cannot meet the second . . . [absent

2

an] indication . . . that the students or their parents face any obstacle in litigating their rights themselves." *Smith v. Jefferson County*, 642 F.3d 197, 208 (6th Cir. 2011).

Here, like in *Smith*, "[t]here is no evidence that the students or their parents might be deterred from suing." *Id*. While Plaintiff does claim that her students are "hindered from raising their own claim," she does not provide any authority to justify this conclusion of law. (ECF No. 1 at PageID 2.) In short, Plaintiff fails to identify any genuine obstacle that her students face to litigate their claims that hinders them enough to warrant third party standing.[1] Thus, at this time, it seems unlikely that Plaintiff will succeed on the merits of claims made on behalf of her cosmetology students. Moreover, Plaintiff is party to a state proceeding with which the requested relief would interfere.[2] (ECF No. 12 at PageID 210.) The Sixth Circuit has made clear that injunctive relief is inappropriate under these circumstances. *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); *Younger v. Harris*, 401 U.S. 37, 91 (1971). Lastly, Plaintiff's Complaint clearly sues a state agency, the Tennessee Board of Cosmetology ("Board"), and therefore the Eleventh Amendment likely bars her claims under the doctrine of state sovereign immunity. *See Will v. Michigan*, 491 U.S. 58, 71 (1989); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452 (1976). Therefore, the Court does not find itself in a position to grant the requested relief per *Younger* and finds Plaintiff's likelihood of success on the merits lacking.

---

[1] Recent scholarship and U.S. Supreme Court doctrine recognize the necessity of a genuine obstacle to trigger third-party standing. *See Kowalski v. Tesmer*, 543 U.S. 125, 144 (2004); *see also* Brandon L. Winchel, *The Double Standard for Third-Party Standing: June Medical and the Continuation of Disparate Standing Doctrine*, 96 Notre Dame L. Rev. 421, 433 (2020) ("The Court's opinion in *Kowalski* marked a stark departure from the Court's previously broad approach to both the 'close relationship' and 'genuine obstacle' elements of the jus tertii doctrine.")

[2] Plaintiff acknowledges that her state proceedings have not concluded because she discusses upcoming hearings and the matter generally. (ECF No. 1 at PageID 10–12.)

Second, Plaintiff has not demonstrated that, absent a restraining order, she will suffer immediate and irreparable harm. The Sixth Circuit has explained that a plaintiff's injury is considered "irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). "[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Here, Plaintiff generally states that "the harm caused by the actions of the Board have caused immediate and irreparable injury, loss, and or damages . . ." but does not specify the nature of any such harm. (ECF No. 8 at PageID 157.) Though Plaintiff alleges the hearing held by the Board denied her due process, she admits the Board provided her with a hearing and opportunity to be heard in December. (ECF No. 1 at PageID 12.) Additionally, Plaintiff waited until November 12, 2021 to file her Complaint even though Defendants suspended her license in August; she offers no excuse for this two-month delay. (*See* ECF No. 1 at PageID 11.) Other courts have found that such delay undercuts the *immediacy* of any harm. *See Programmed Tax Systems, Inc. v. Raytheon Co.*, 419 F. Supp. 1251 (S.D.N.Y. 1976); *Gianni Cereda Fabrics v. Bazaar Fabrics, Inc.*, 335 F. Supp. 278 (S.D.N.Y. 1971); *Le Cordon Bleu v. BPC Publishing Ltd.*, 327 F. Supp. 267 (S.D.N.Y. 1971). On balance, the Court does not find, at this time, any denial of due process or other injury that could not be satisfied by money damages. Therefore, Plaintiff has failed to show that she will suffer immediate and irreparable harm without injunctive relief.

Third, Defendant will suffer some harm from the issuance of a temporary restraining order, because it opposes Plaintiff in an underlying state proceeding that has yet to conclude. (ECF No. 1 at PageID 10–12.) Fourth, the public interest would not be advanced by issuing a premature temporary restraining order, as Plaintiff has requested. A temporary restraining order issued here

could signal to potential plaintiffs that such orders can be obtained absent a proper showing of irreparable harm. Therefore, the Court finds that, weighing all the factors, the balance, at this time, counsels against issuing a temporary restraining order.

Therefore, Plaintiff's *pro se* Motion for a Temporary Restraining Order, (ECF No. 8), is hereby **DENIED**. Accordingly, Plaintiff's *pro se* Motions for an Injunctive Hearing to be Based on the Record, (ECF No. 11), and for Temporary Relief, (ECF No. 13), are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 21st day of December, 2021.

*/s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE