```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____

QUANNAH HARRIS,                  )
d/b/a LAST MINUTE CUTS,          )
                                 )
     Plaintiff,                  )
                                 )
v.                               )
                                 )   No. 21-2717-JTF-tmp
TERRY W. BARNES,                 )
TENNESSEE BOARD OF COSMETOLOGY   )
AND BARBERING,                   )
RONALD R. GILLIHAN, II, and      )
ROXANNA GUMUCIO,                 )
                                 )
     Defendants.                 )
_____

 ORDER DENYING PRO SE MOTION TO DISQUALIFY THE ATTORNEY GENERAL
_____
```

Before the court is *pro se* plaintiff Quannah Harris's Motion to Disqualify the Attorney General.[1] (ECF No. 20.) On November 12, 2021, Harris filed a *pro se* complaint against Melissa Hutson and Terry Barnes, investigators for the Tennessee Department of Commerce and Insurance, Ronald R. Gillihan, II, the Chairman of the Tennessee Board of Cosmetology and Barbering ("the Board"), Roxanna Gumucio, the Executive Director of the Board, and the Board itself for alleged race discrimination and on behalf of students at her business, Last Minute Cuts. (ECF No. 1.) Harris also filed

---

[1] Harris styled her motion as a "Pro Se Motion to stop the Attorney General from representing defendants Gumucio, Hudson, and Barnes in their personal capacity," but it is indistinguishable in purpose from a Motion to Disqualify.

a Motion for a Temporary Restraining Order, (ECF No. 8), and a Motion for a Preliminary Injunction, (ECF No. 11), but these were denied on December 21, 2021, (ECF No. 14). The defendants filed a Motion to Dismiss on December 6, 2021. (ECF No. 10.) Along with her response to that motion, Harris filed the present motion, arguing the Attorney General "has no interest of a pecuniary nature to justify any Motion" filed on behalf of Gumucio, Barnes, and Hutson. (ECF No. 20 at 2.)

"Motions to disqualify are disfavored and are generally considered a 'drastic measure'" American Federation of State, County v. City of Memphis, No. 11-2577, 2011 WL 13098612, at *2 (W.D. Tenn. Aug. 10, 2011) (quoting Howard v. Wilkes & McHugh, P.A., 06-2833-JPM, 2007 WL 4370584, at *5 (W.D. Tenn. Dec. 3, 2007)). Disqualification is a remedy for ethical breach, and a court "should only disqualify an attorney when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." Moses v. Sterling Commerce (Am.), Inc., 122 F. App'x 177, 183-84 (6th Cir. 2005) (internal quotation marks omitted). When seeking to disqualify a state attorney general, "absent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, a Court has no power to prevent the Attorney General from representing defendants and plaintiffs have no standing to

challenge that representation." Wellman v. Supreme Court of Ohio, No. 2:17-cv-391, 2018 WL 1315016, at *2 (S.D. Ohio Mar. 14, 2018).

Harris's argument is legal, rather than factual. She claims that "the Attorney General's Office is solely to represent the interests of the state and the officials of the state sued in their official capacity and not Defendants sued in their personal capacity." (ECF No. 20 at 2.) Harris cites Tenn. Code Ann. § 8-6-110 for this proposition, but this provision of the code merely requires the Attorney General to represent the state in federal court. Tenn Code Ann. § 8-6-110. Tennessee law also assigns the Attorney General the duty of representation in "the trial and direction of all civil litigated matters and administrative proceedings in which the state or any officer, department, agency, board, commission or instrumentality of the state may be interested." Tenn. Code Ann. § 8-6-109(b)(1); see also Inman v. Brock, 622 S.W.2d 36, 41-42 (Tenn. 1981) (noting that "the legislature has undoubtedly vested the attorney general with a broad discretion to decide when he may lend the assistance of his office to defend public officers."); Heath v. Cornelius, 511 S.W.2d 683, 686 (Tenn. 1974) (finding that the attorney general could represent a state criminal court judge in a civil suit stemming from an action taken in the course of his duties). Defendants Gumucio, Hutson, and Barnes are state officers being sued for allegedly illegal activities done in the course of their duties.

Tennessee law clearly allows the Attorney General to represent them in civil actions at his discretion.

Based on the above, the Motion to Disqualify the Attorney General is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 25, 2022
Date
