# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

QUANNAH HARRIS
d/b/a LAST MINUTE CUTS,

    Plaintiff,

v.                                                        Case No. 2:21-cv-2717-MSN-tmp

MELISSA HUTSON,
TERRY W. BARNES,
investigators for the Tennessee Department
of Commerce and Insurance,
TENNESSE BOARD OF COSMETOLOGY
AND BARBERING,
RONALD R. GILLIHAN, II, chairman of the
Board, and
ROXANNA GUMUCIO,
executive director of the Board,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report"), (ECF No. 26), entered January 25, 2022. The Report recommends that Defendant's Motion to Dismiss, (ECF No. 10), be granted as to all claims against the Board and denied without prejudice as to all remaining claims; the Report further recommends that the Court "abstain from exercising jurisdiction [and] administratively close the case." (ECF No. 26 at PageID 365–66.) Plaintiff timely filed her objections to the Report on February 9, 2022, (ECF No. 28), to which Defendants responded on February 22, 2022. (ECF No. 29.) For the reasons below, the Court **ADOPTS** the Report.

1

## BACKGROUND AND PROCEDURAL HISTORY

The Chief Magistrate Judge's Report offers Proposed Findings of Fact. (ECF No. 26 at PageID 366–70.) Plaintiff's objections are strictly legal, do not allege new facts, and do not offer objections to the Chief Magistrate Judge's Findings of Fact.[1] Therefore, the Court **ADOPTS** the Report's Proposed Findings of Fact.

The following details provide a brief factual synopsis for this matter; a more exhaustive explanation appears in the Chief Magistrate Judge's "Findings of Fact," as previously adopted. Plaintiff initiated this action against Defendants with her *pro se* Complaint, filed on November 12, 2021. (ECF No. 1.) Plaintiff owns a school for cosmetology and barbering, known as "Last Minute Cuts," in the greater Memphis area. (*Id.* at PageID 5.) She alleges that Defendant Tennessee Board of Cosmetology ("Board") violated 42 U.S.C. § 1983 by retaliating against her for filing this lawsuit when it suspended her school's operations and that Defendants Hutson and Barnes gave Last Minute Cuts "intentionally low rated scores . . . based upon false statements and representations." (*Id.* at PageID 9, 17–18.) Plaintiff also alleges that Defendant Gumucio intentionally submitted false inspection reports to the Board, which constituted harassment. (*Id.*) More particularly, she alleges Gumucio took this action against her based on her African American race. (*Id.*) Finally, Plaintiff alleges that Defendant Gillihan violated her due process rights when he failed to provide her with proper notice that Last Minute Cuts would have its operations suspended. (*Id.* at PageID 24–26.)

On December 6, 2021, all Defendants filed a Motion to Dismiss. (ECF No. 10.) Defendants argue that (1) the Board enjoys immunity from § 1983 suits under the Eleventh

---

[1] Put differently, Plaintiff has not specifically identified any objections to the findings of fact, as required by law, and the Court will not—nor should it—speculate about objections she otherwise may have levied. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Amendment because it is an arm of the state of Tennessee and (2) the Court should abstain from a ruling on the merits under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) . (*Id.* at PageID 3–4.) Plaintiff responded to the Motion on January 18, 2022. (ECF No. 18.) The Chief Magistrate Judge addressed Defendant's Motion and Plaintiff's Response in his Report issued on January 25, 2022. (ECF No. 26.) The Report recommended that the Motion be granted as to the Board, denied without prejudice as to all other claims, that the Court abstain from exercising jurisdiction, and administratively close the case until the underlying state proceedings have been resolved. (*Id.* at PageID 380.) Plaintiff filed timely objections to the Report on February 9, 2022. (ECF No. 28.) Defendants filed a response to these objections on February 22, 2022. (ECF No. 29.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable

3

the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380; *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to a magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to a magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017). Nonetheless, the Court notes, "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

Plaintiff raises three cognizable objections to the Report: *first*, that her claims against Gilihan in his official capacity should not be dismissed because Plaintiff sought prospective injunctive and declaratory remedies, which allegedly entitles her to bypass the abstention doctrine and obtain relief under Section 1983; *second*, that the state lacks standing to defend Hutson,

4

Barnes, and Gumucio because they were not sued in their official capacities; and, *third*, because Plaintiff's "claims raised against Gumucio, Hutson[,] and Barnes are not in direct issue before any judicial body for which that body may provide relief," *Younger* abstention[2] does not preclude Plaintiff from proceeding with her suit against these Defendants in their personal capacities.[3] (ECF No. 28 at PageID 385.) In sum, Plaintiff argues that "[t]he rules of abstention simply do not apply to Gumucio, Hutson and Barnes and should not apply to Gilihan based on the extraordinary actions

---

[2] For some additional context, "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). "Regarding the situations to which *Younger* applies, first, *Younger* permits abstention when there is an ongoing state criminal prosecution." *Id.* at 369 (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("NOPSI"). "Next, *Younger* precludes federal involvement in certain civil enforcement proceedings." *Id.* (citing *NOPSI*, 491 U.S. at 368). "Finally, *Younger* pertains to 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as contempt orders." *Id.* (citing *NOPSI*, 491 U.S. at 368 (citations omitted)). Once a court determines that the circumstances in a pending matter fit within one of the three previously discussed *NOPSI* categories, it "evaluates the proceeding using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)." *Id.* This "test states that abstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Id.* (citing *Middlesex*, 457 U.S. at 432–34.

[3] Plaintiff also restates many of the same facts she announced in her Complaint, attempting to shoehorn her claims into the "rarely applied" harassment exception to *Younger* abstention. (*See* ECF No. 28 at PageID 387–88.) *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 972 (S.D. Ohio 2010). However, as the Chief Magistrate Judge correctly explained, Plaintiff failed to present facts that indicate the repercussions she faced from the Board "result[ed from] state harassment, rather than genuine enforcement efforts"—so too in her latest filing. (ECF No. 26 at PageID 379–80.) The Court will not invoke this exception without sufficient facts to show that Defendants "were motivated by bad faith or with intent to harass." *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). Doing so would be an egregious assumption and one that would impute bad faith to a party without justification. In other words, correlation does not equal causation: just because Plaintiff faced remedial consequences from the Board does not mean, without more, that those consequences were motivated by bad faith or with an intent to harass (as required by law to invoke this exception). *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 371 (6th Cir. 2017) ("conclusory statements" are insufficient to show harassment).

5

taken to deny the plaintiff's constitutional rights."[4] (*Id.* at PageID 389.) "Plaintiff does not object to the dismissal of the claim against the Board . . . ." (*Id.* at PageID 383.) Defendants respond that "the nature of [Plaintiff's] allegations do not preclude *Younger* abstention" because the conduct allegedly committed by Defendants "occurred within the scope of their state employment and all relate to the revocation she is still challenging in Tennessee courts." (ECF No. 29 at PageID 392–93.)

**Plaintiff's first objection** turns on whether Plaintiff may bypass the abstention doctrine announced in *Younger* and obtain relief against Gilihan—the Chairman of the Board—under Section 1983 because she pursued "prospective injunctive and declaratory relief" against him (ECF No. 28 at 384.) To support her argument, Plaintiff cites *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)), which relies on the *Ex Parte Young* doctrine—one that allows "plaintiffs to bring a suit challenging the constitutionality of a state official's action." *Pennhurst*, 465 U.S. at 102. However, this approach blends two distinct questions, specifically: (1) Plaintiff's ability to challenge the constitutionality of Gilihan's actions and (2) whether the Court should abstain from hearing that challenge *at this time*.[5]

---

[4] Plaintiff concludes that: "For the foregoing reason[s], the plaintiff prays that this Court will reject the Report and Recommendation of the Magistrate as it relates to dismissal of Gilihan in his official capacity for injunctive and declaratory relief. Further the plaintiff seeks that the Court will move forward with the case against Gumucio, Hutson and Barnes in their individual [capacities]." (ECF No. 28 at PageID 389.)

[5] As other courts have explained, "the continued authority of *Young* . . . does not except this case from the abstention doctrine of *Younger v. Harris* . . . . [T]o prevail in obtaining injunctive or mandamus relief . . . [Plaintiff] must satisfy both *Young* and *Younger*." *Easterling v. Henderson*, No. 3:14-CV-064, 2014 WL 936305, at *8–9 (S.D. Ohio 2014) *adopted by* 2014 U.S. Dist. LEXIS 67193 (S.D. Ohio 2014).

6

Under *Ex Parte Young*, 209 U.S. 123 (1900), "[c]ourts routinely entertain suits against state officers even in their official capacities when the plaintiff seeks prospective injunctive relief" because these suits are "not treated 'as actions against the State.'" *Thompson v. Whitmer*, Case No. 21-2602, 2022 WL 168395, at *14–15 (6th Cir. 2022) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). Conversely, *Younger* addresses *not whether* a suit against a public official may be entertained, *but when* it may be heard. Courts apply the *Middlesex* test to determine whether *Younger* abstention applies: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 9–12 (1987). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435; *see Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). *Younger* also applies "to noncriminal judicial proceedings when important state interests are involved." *Id.* at 432.

Here, Defendant correctly argues that *Ex Parte Young* does not preclude *Younger* abstention even if it does forestall dismissing the case against Gilihan at this time.[6] Indeed, the Sixth Circuit has held that *Younger* may bar prospective injunctive relief. *See, e.g., Fuller v. Jolly*, 41 F. App'x 821, 822 (6th Cir. 2002) ("prospective injunctive relief . . . is barred by *Younger v.*

---

[6] Consistent with this reading of the law, the Chief Magistrate Judge recommends *abstention and not dismissal* as to all claims against Gilihan. (ECF No. 26 at PageID 380.)

*Harris . . . .*"); *Squire*, 469 F.3d at 555 (allowing *Younger* abstention despite a claim for temporary injunctive relief). Furthermore, abstention is appropriate for the claims against Gilihan because he allegedly committed misconduct in his official capacity as Chairman of the Board. (*See* ECF No. 28 at PageID 384.) Accordingly, the ongoing state court proceeding offers Plaintiff an opportunity to address any constitutional concerns against Gilihan because that proceeding involves the Board's actions and thus necessarily implicates Gilihan's leadership decisions therewith. *See Brennan*, 921 F.2d at 639. And, as the Report explains in detail, (ECF No. 26 at PageID 376–77), a plethora of cases have affirmed the fact that states have an important interest in licensure integrity, like the cosmetology licensing at issue here.[7] Plaintiff has not attempted to distinguish the case law cited in the Report or provided the Court with any reason to find that cosmetology licenses should be treated different from other professional licenses. In fact, persuasive authority from other jurisdictions specifically suggest that states have an important interest in cosmetology and barbering licenses. *See Cornwell v. California Bd. of Barbering and Cosmetology*, 962 F. Supp. 1260, 1268 (S.D. Cal. 1997) ("The state has an important interest in regulating the conduct of its [cosmetology and barbering] professions.") Therefore, Plaintiff's first objection is **OVERRULED**.

*Plaintiff's second objection* maintains that the State lacks standing to defend Defendants Gumucio, Hutson, and Barnes because these defendants have been sued in their personal

---

[7] The Court incorporates by reference the cited authorities from the Report, which appeared therein as follows: "*See Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006) ("the state has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses"); *Al-Marayati v. Univ. of Toledo*, 145 F.3d 1329 (table), 1998 WL 252760, at *6 (6th Cir. 1998) ("the State certainly has an important interest in monitoring and disciplining the conduct of faculty members at institutions of higher education which are financially subsidized by the state"); *Watts*, 854 F.2d at 846 (medical disciplinary proceedings); *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 972 (S.D. Ohio 2010) ("the regulation of the practice of dentistry is an important state interest")." (ECF No. 26 at PageID 376–77.)

capacities. (ECF No. 28 at PageID 384.) However, this objection fails to address the Chief Magistrate Judge's Order Denying Pro Se Motion to Disqualify the Attorney General, (ECF No. 25), which specifically adjudicated this dispute. Therefore, because this argument has been adequately addressed by the Chief Magistrate Judge and Plaintiff's objection does not raise any *new* argument challenging the analysis in the Order docketed at ECF No. 25, Plaintiff's second objection is **OVERRULED**. *See Howard*, 932 F.2d at 509 (actionable objections must state how the magistrate judge's analysis is wrong); *Verdone*, 2018 WL 1516918, at *2.

***Plaintiff's third objection*** turns on whether *Younger* abstention precludes Plaintiff from persisting *at this time* with her litigation against Defendants Gumucio, Hutson, and Barnes in their personal capacities. Plaintiff argues that "[t]he claims against Gumucio, Hutson, and Barnes are not in direct issue before any judicial body for which that body may provide relief." (ECF No. 28 at PageID 385.) Defendants maintain that *Younger* abstention controls because "[a]ll of Defendants' alleged actions occurred within the scope of their state employment and all relate to the revocation that [Plaintiff] is still challenging in the Tennessee courts." (ECF No. 29 at PageID 392–93.)

Here, Plaintiff's argument is conclusory because it does not allege that "state procedural law bar[s] presentation of [Plaintiff's] constitutional claims." *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). The U.S. Supreme Court has made clear that Plaintiff *must* satisfy this burden to survive the third *Younger* prong.[8] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("The burden . . . rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'") (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)) (internal

---

[8] Specifically, that abstention would deny Plaintiff an adequate opportunity to litigate her claims against Gumucio, Hutson, and Barnes.

citations omitted). The Sixth Circuit faithfully applies this standard. *See Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991). Plaintiff's bald assertion that she "has absolutely no judicial avenue in the judicial review of the Board's decision to seek a redress of the wrong as it relates to damages incurred as a result of the wrongful actions of Gumucio, Hutson and Barnes", (ECF No. 28 at PageID 387), omits mentioning any authority, let alone state procedural law, that bars presentation of her claims against these Defendants at the underlying state proceeding. Consequently, her claim must fail. *See Squire*, 469 F.3d at 556 (quoting *Fieger*, 74 F.3d at 745 (abstention is appropriate unless "state law clearly bars the interposition of the constitutional claims."); *see also Middlesex*, 457 U.S. at 435 (federal courts should abstain absent extraordinary circumstances when certain claims can be adjudicated at the underlying state proceeding). Therefore, because it cannot overcome the third *Younger* prong, Plaintiff's third objection is **OVERRULED**.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Chief Magistrate Judge's Report. The Defendant's Motion is **GRANTED IN PART** as to the Board and **DENIED IN PART WITHOUT PREJUDICE** as to all other Defendants. The Court **ABSTAINS** regarding all remaining claims and **ADMINISTRATIVELY CLOSES** this matter pending resolution of the ongoing state proceeding. The parties must file an appropriate motion to reopen this matter once the state proceeding has concluded.

**IT IS SO ORDERED**, this 7th day of June, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE