IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

QUANNAH HARRIS,                        )
d/b/a LAST MINUTE CUTS,                )
                                       )
     Plaintiff,                        )
                                       )
v.                                     )     No. 21-02717-MSN-tmp
                                       )
TERRY W. BARNES,                       )
TENNESSEE BOARD OF COSMETOLOGY         )
AND BARBERING,                         )
RONALD R. GILLIHAN, II, and            )
ROXANNA GUMUCIO,                       )
                                       )
     Defendants.                       )

_____

REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Quannah Harris's Motion to Reopen Administratively Stayed Case, filed on September 9, 2022.[1] (ECF No. 42.) Defendants filed their response in opposition to the motion on September 16, 2022. (ECF No. 43.) For the reasons below, it is recommended that Harris's motion to reopen be denied.

I.   PROPOSED FINDINGS OF FACT

Quannah Harris is a barber in Memphis, Tennessee. (ECF No. 26.) For several years, she has been involved in a dispute

___

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

regarding the licensure of her barber and cosmetology school, Last Minute Cuts. (Id.) The Tennessee Board of Cosmetology and Barbering ("Board") first initiated administrative proceedings against Harris in 2017. (Id.) Several years later, these proceedings culminated in a hearing before the Board on December 6, 2021. (ECF No. 43 at PageID 519.) Following an unfavorable ruling there, Harris appealed to the Shelby County Chancery Court. (ECF No. 42-1 at PageID 522.) Harris's claims in the Chancery Court remain pending. (Id.)

The present lawsuit was filed on November 12, 2021. (ECF No. 1.) On December 6, 2021, defendants filed a motion to dismiss and for abstention. (ECF No. 10.) They argued that "because the underlying disciplinary action concerning Plaintiff Quannah Harris is an ongoing state proceeding, the remainder of this case should be stayed under the principles of abstention pronounced in Younger v. Harris." (ECF No. 10-1 at PageID 172.) The undersigned entered a report and recommendation on January 25, 2022, recommending dismissal of some claims on immunity grounds and Younger abstention as to all others. (ECF No. 26.) The report and recommendation was adopted on June 7, 2022. (ECF No. 30.) Harris's case was administratively closed "pending resolution of the ongoing state proceeding." (Id.) The order stated that "parties must file an appropriate motion to reopen this matter once the state proceeding has concluded." (Id.)

Harris filed a motion to appeal the order administratively staying her case on July 5, 2022. (ECF No. 32.) Defendants filed a response in opposition to Harris's motion on July 19, 2022. (ECF No. 37.) On August 31, 2022, the Sixth Circuit entered an order dismissing Harris's appeal for lack of jurisdiction. (ECF No. 40.) There, the court found that "the district court's June 7, 2022, order is not final because it granted the defendants' motion to dismiss only in part, disposing of fewer than all of the claims and parties involved." (Id.)

On September 9, 2022, Harris filed a motion to reopen the administratively closed case. (ECF No. 42.) In her motion, Harris argues that abstention was not appropriate, both because she is a victim of bad faith and harassment and because she lacks an adequate state forum to bring her constitutional claims. (Id.) Defendants oppose this motion. (ECF No. 43.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Motion to Reopen Administratively Stayed Case

The undersigned finds that Harris's motion to reopen her administratively closed case is premature. When cases are administratively closed due to Younger abstention, plaintiffs may file motions to reopen only after the relevant state proceedings have concluded. See, e.g., Hale v. State, No. 3-14-02194, 2016 WL 11721899, at *2 (M.D. Tenn. Feb. 9, 2016) (ordering that the action be reopened "upon motion of either party after exhaustion of state

remedies"); Goodwin v. Cty. of Summit, Ohio, 45 F. Supp. 3d 692, 706 (N.D. Ohio 2014) ("plaintiffs shall file a notice of the conclusion of the underlying state proceedings and any appropriate motion with this Court within forty-five (45) days of the conclusion of those proceedings"); Brakebill v. Moncier, No. 3:14-CV-105-TAV-CCS, 2014 WL 10212897, at *10 (E.D. Tenn. Dec. 17, 2014) (abstaining under Younger and stating that "the stay will be in effect until the appeals process in Tennessee has been exhausted and a final judgment entered in the criminal contempt proceeding."). In Harris's case, the court directed the parties to "file an appropriate motion to reopen this matter once the state proceeding has concluded." (ECF No. 30.) However, Harris's state action in the Shelby County Chancery Court remains ongoing. (ECF No. 43-1 at PageID 522.) The undersigned therefore recommends that Harris's motion to reopen her case be denied.

**B.   Motion to Reconsider Ruling**

*Pro se* filings are to be liberally construed. Johnson v. E. Tawas Hous. Comm'n, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). The undersigned finds that Harris's motion may be liberally construed as a Motion for Revision of Interlocutory Order under Local Rule 7.3. According to that rule,

> A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory

> order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

L.R. 7.3(b); see also Biel Loanco III-A, LLC v. Labry, 862 F. Supp. 2d 766, 787 (W.D. Tenn. 2012). Furthermore, "[n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." L.R. 7.3(c). Harris's motion does not satisfy these requirements.

First, Harris has not shown a material difference in fact or law from that which was presented to the court before entry of the order staying her case. Her motion rests on two arguments: that the proceedings against her are the result of bad faith and harassment, and that state court is an inadequate forum for her claims. (ECF No. 42 at PageID 510.) Both of these arguments were raised in her initial opposition to the defendants' motion to dismiss. Regarding bad faith and harassment, Harris argued that "[the Board's chairman] intentionally failed to review evidence brought the complaints against plaintiff in bad faith and with the intent to harass the plaintiff." (ECF No. 18-1 at PageID 289.) The court considered this argument and held that "[w]hile Harris has alleged a campaign of harassment and unconstitutional

- 5 -

discrimination against her business, she has not provided sufficient facts at this stage to demonstrate that the [Board's] actions against [her] were motivated by bad-faith or with intent to harass." (ECF No. 26) (internal quotations omitted.) As to the adequacy of the state forum, Harris wrote that the Shelby County Chancery Court "will not grant the plaintiff an adequate opportunity to raise facts to support constitutional challenges as the appeal only is a judicial review of the final order." (ECF No. 18-1 at PageID 287.) Considering this argument, the court held that "Harris has not shown that state procedural law bars her constitutional claims." (ECF No. 26.) This element of L.R. 7.3(b) is therefore not satisfied.

The other elements are similarly not met. Harris has not alleged "the occurrence of new material facts or a change of law" since the order staying her case was entered. (ECF No. 42.) Nor has she alleged that the court has failed to consider "material facts or dispositive legal arguments that were presented to the Court" prior to its order staying the case. (Id.) Even if she did make such an allegation, it would be unfounded. As described above, the court already addressed the arguments raised in Harris's motion in its prior order. Therefore, the undersigned finds that Harris has not presented a basis for revising the order administratively closing her case.

## III. RECOMMENDATION

For the above reasons, the undersigned recommends that the plaintiff's Motion to Reopen Administratively Stayed Case be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 4, 2022
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**