# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

QUANNAH HARRIS
d/b/a LAST MINUTE CUTS,

    Plaintiff,

v.                                                                   Case No. 2:21-cv-02717-MSN-tmp

MELISSA HUTSON,
TERRY W. BARNES,
investigators for the Tennessee Department
of Commerce and Insurance,
TENNESSEE BOARD OF COSMETOLOGY
AND BARBERING,
RONALD R. GILLIHAN, II, chairman of the
Board, and
ROXANNA GUMUCIO,
executive director of the Board,

    Defendants.
_____

## ORDER ADOPTING REPORT AND RECOMMENDATION; ORDER DENYING
## MOTION TO REOPEN ADMINISTRATIVELY STAYED CASE
_____

      Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report") submitted on October 4, 2022, (ECF No. 44), regarding Plaintiff's pending Motion to Reopen Administratively Stayed Case, filed September 9, 2022. ("Motion," ECF No. 42.) The Report recommends that the Court deny Plaintiff's Motion. Plaintiff filed timely objections to the Report on October 12, 2022. (ECF No. 45.) Defendants filed a Response in Support of the Report on October 26, 2022. (ECF No. 46.) For the reasons set forth below, Plaintiff's objections are **OVERRULED** and the Report is **ADOPTED** in whole.

## FACTUAL HISTORY

This action stems from a dispute over the licensure of Plaintiff's barber and cosmetology school, Last Minute Cuts. While Plaintiff filed an Objection to the Report, none of her objections relate to the Chief Magistrate Judge's factual findings. The Court therefore **ADOPTS** the Report's Proposed Findings of Fact.[1]

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50

---

[1] Put differently, Plaintiff has not specifically identified any objections to the findings of fact, as required by law, and the Court will not speculate about objections she otherwise may have levied. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

### A.   The Report and Recommendation

The Report recommends that the Court deny Plaintiff's Motion. Its conclusions of law are as follows:

#### 1.   Plaintiff's Motion to Reopen Her Case is Premature

The Chief Magistrate Judge explained in his report that "[w]hen cases are administratively closed due to *Younger* abstention, plaintiffs may file motions to reopen only after the relevant state proceedings have concluded." (ECF No. 44 at PageID 525.) As Plaintiff's related state action in the Shelby County Chancery Court has not concluded, the Report recommends Plaintiff's Motion to reopen her case be denied.

Plaintiff objected to this Recommendation on the grounds that "[t]he Chancery Court dismissed the claim as to [the Secretary of State Administrative Procedures Division ("APD")] which warrants reopening the instant matter[.]" (ECF No. 45 at PageID 530.)

The Court has reviewed the Report and agrees with its conclusion. Plaintiff does not dispute that parties other than APD remain in her state appeal, so the reasons underlying *Younger* abstention remain. Therefore, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report's conclusion as to the reopening of Plaintiff's case at this time.

### 2. Plaintiff Has Not Presented a Basis for Revising the Order Administratively Closing Her Case

As Plaintiff is appearing *pro se*, the Chief Magistrate Judge liberally construed her Motion as a Motion for Revision of Interlocutory Order under Local Rule 7.3. (ECF No. 44 at PageID 526.) He recommended that this Motion also be denied, however, since (1) Plaintiff failed to show "a material difference in fact or law from that which was presented to the Court" before entry of the Order staying her case, as required by Rule 7.3; and (2) Plaintiff had not satisfied the other elements of Rule 7.3. (ECF No. 44 at PageID 527–28. (citing ECF No. 42).) Concerning the first point, the Report noted that Plaintiff's grounds for revision—alleged harassment, bad faith, and inadequate forum—had already been presented to and addressed by the Court. On the latter point, the Report explained that Plaintiff did not allege "the occurrence of new material facts or a change of law occurring after the time of [the Order]" or that "the court has failed to consider 'material facts or dispositive legal arguments that were presented to the Court' prior to its order staying the case." (ECF No. 44 at PageID 528 (quoting Local Rule 7.3(b)).)

Plaintiff objected, arguing that the Chancery Court's dismissal of the claim against [APD] is a new material fact and that there was "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order," specifically through the Court's failure to accept her alleged facts regarding bad faith and harassment as true and draw all reasonable inferences in her favor. (ECF No. 45 at PageID 535–36.) She also reiterates her allegations that state law bars her from presenting constitutional claims. (*Id.* at PageID 531).

The Court has reviewed the Report and agrees with its conclusion that Plaintiff "has not presented a basis for revising the order administratively closing her case." (ECF No. 44 at PageID 528.) As discussed, the fact of APD's dismissal does not support reopening this matter at this time. In addition, Plaintiff's allegations of bad faith and harassment have already been considered by the Court for purposes of administrative closure and were addressed in both the Report and Recommendation regarding administratively closing this case and the Order adopting that Report. (*See* ECF No. 26 at PageID 379–380; ECF No. 30 at PageID 439 n.3.) Plaintiff appears to contend that the Court incorrectly closed her case because, in doing so, it failed to apply the standards of review for summary judgment or a Rule 12(b)(6) motion to dismiss to her allegations of bad faith and harassment. Here, however, the relevant context for purposes of administrative closure is the "rarely applied" exception to *Younger* abstention for harassment, bad, faith, or flagrant unconstitutionality, which the Court continues to find does not apply given the facts presented thus far. Since Plaintiff repeats her argument that she does not have an adequate forum to air her constitutional claims, the Court reviews the Report on this issue for clear error and finds none.

Therefore, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Report's

5

conclusion as to Plaintiff's attempt to revise the Order administratively staying her case.

## **CONCLUSION**

For the reasons stated herein, the Court **OVERRULES** Plaintiff's objections to the Report and Recommendation and **ADOPTS** the Report's conclusions in full. Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**, this 9th day of March, 2023.

*s/ Mark Norris*_____
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE